```
                                              FILED
                                         U.S. DISTRICT COURT
                                             AUGUSTA DIV.
        IN THE UNITED STATES DISTRICT COURT
                                         2006 SEP 20  PM 12: 16
      FOR THE SOUTHERN DISTRICT OF GEORGIA
                                         CLERK
              AUGUSTA DIVISION           SO. DIST. OF GA.
```

PATREECIO ANTWAN MCBRIDE,       )
                                )
         Plaintiff,             )
                                )
   v.                           )    CV 106-100
                                )
RONALD STRENGTH,                )
                                )
         Defendant.             )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

*Pro se* Plaintiff, Patreecio A. McBride, commenced the above-styled civil action pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. The case is now before the Court on Plaintiff's motion for a preliminary injunction. (Doc. no. 4). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion be **DENIED**.

### I. BACKGROUND

Plaintiff is an inmate at the Charles B. Webster Detention Center ("CWDC") in Augusta, Georgia. In his motion, Plaintiff alleges that the Richmond County Jail ("RCJ") is overpopulated by approximately 200 inmates, and the CWDC is also overpopulated. (Doc. no. 4, pp. 1-2). Moreover, he claims that because of this overcrowding problem, along with the staffing shortage at the RCJ, the rate of inmate altercations has risen, which has resulted in an increased danger to the inmates. (Id. at 1). Plaintiff also avers that the jail

overcrowding problem has aggravated the staphylococcus ("staph") infection problem at the RCJ, and the transportation of inmates from the RCJ to the CWDC further perpetuates the staph infection problem at CWDC. (Id. at 1-2). Plaintiff also cites a mold problem at the RCJ. (Id. at 2). Plaintiff requests a preliminary injunction condemning the RCJ and addressing these problems. (Id.). In response, Defendant has submitted a sworn statement outlining the inmate population, staffing situation, healthcare issues, and grievance procedures in both of the Richmond County facilities. (Doc. no. 9).

## II. DISCUSSION

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted, or that there is a substantial likelihood that he will prevail on the merits. In order to meet the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote

2

nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

In the instant case, Plaintiff has failed to show either a real and immediate threat that he will be irreparably injured if he is not granted injunctive relief, or a substantial likelihood of success on the merits of his claims. Plaintiff claims that the overcrowding at the RCJ and the CWDC increases the danger to inmates of a serious altercation. First, it should be noted that Plaintiff has not indicated that he has ever been in an altercation or that anyone has threatened him. (See doc. no. 4). Moreover, as Defendant's report indicates, efforts are underway to address the overpopulation concerns by building a new facility that combines the RCJ and the CWDC and creates more open beds. (Doc. no. 9, pp. 5-6, Ex. D).

Moreover, Defendant's report also indicates that the overcrowding problem has not increased the risk of an altercation. For example, although the populations in the Richmond County facilities gradually increased over the past year-and-a-half, in the RCJ, the average number of inmate-on-inmate assaults per month decreased from 10.6 in 2005 to 10.5 in 2006,

3

the number of inmate-on-officer assaults per month decreased from 3.3 in 2005 to 2.5 in 2006, and the use-of-force complaints decreased from 12 per month in 2005 to 8 per month in 2006. (Id. at Ex. A). In the CWDC, the number of inmate assaults decreased from 20.5 per month in 2005 to 18.4 per month in 2006, and the number of use-of-force complaints decreased from 6 per month in 2005 to 2.5 per month in 2006. (Id. at Ex. B). Thus, these statistics indicate that the upward population trend in both facilities has not increased either the number of altercations in the facilities, or the risk of being involved in an altercation.

Related to this claim is Plaintiff's argument that the staffing shortage at the RCJ contributes to the increased danger of injury from inmate assaults. Although Defendant admits that the facilities are short 29 people from the 235 people called for by the staffing plan, this reduction is due to the fact that working as a guard is not "one of the most desirable positions in the work force," and the criminal background and financial restrictions disqualify a number of applicants from being hired. (Id. at 6). Moreover, it appears from Defendant's statement that there are continuous efforts to hire competent, qualified people to fulfill their staffing needs. (Id. at 6-7). Defendant notes that the staffing shortage has not presented any security concerns, nor has it negatively impacted the facilities' operation. (Id. at 7). Therefore, although it is always possible that Plaintiff could be involved in an altercation, this risk has not increased as a result of the growing population or the staffing shortages at the RCJ and the CWDC, and Plaintiff has not demonstrated that he faces an imminent danger due to the overcrowding. See Church, 30 F.3d at 1337.

Furthermore, Plaintiff's claim regarding the increased danger of a staph infection is equally without merit. It must first be noted that Plaintiff has not alleged that he has ever

4

contracted a staph infection; he merely argues that the inmates at RCJ and CWDC are at risk of contracting a staph infection due to the overcrowding problem. Although Defendant recognizes that staph infections have been a problem in the Richmond County facilities,[1] Defendant's sworn statement indicates that the medical staff at the RCJ and the CWDC are adequately treating the inmates' staph infections with medications and regularly changed dressings.[2] (Id. at 7-8). Moreover, the guards in both facilities receive educational pamphlets, and are required to attend training programs educating them on staph infections and how to prevent the spread of infection. (Id. at 8, Ex. F). Additionally, inmates entering these facilities are given educational pamphlets and papers on how to prevent contracting and spreading the infection. (Id.). Therefore, although the risk of a staph infection is always present, Defendant is taking adequate measures to treat and prevent the spread of staph infection, such that the inmates' constitutional rights are not being violated. Cf. Northeastern Fla. Chapter, 896 F.2d at 1285 (requiring actual and imminent threat of injury).

Finally, although Plaintiff cites a mold problem at the RCJ, he has not provided any specific information as to the extent of the problem or how the mold has affected him. (Doc. no. 4, p. 2). Defendant acknowledges that there is a mold problem at the RCJ, but stated that the medical staff has not reported any mold-related complaints from inmates. (Doc. no. 9, p. 8). Moreover, when the new detention center is finished, the inmates will no longer be housed at the RCJ, such that any mold problems will be eliminated. Thus, Plaintiff has not

---

[1] Defendant provided news articles discussing the problem of staph infections in prisons, jails, and hospitals across the country. (Doc. no. 9, p. 7, Ex. E).

[2] Defendant indicates that only 2 inmates at the RCJ and 11 inmates at the CWDC have staph infections. (Doc. no. 9, pp. 7-8).

5

demonstrated that there is a risk of imminent injury to warrant an injunction. See Northeastern Fla. Chapter, 896 F.2d at 1285. Accordingly, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief. See McDonald's Corp., 147 F.3d at 1306.

### III. CONCLUSION

As Plaintiff has failed to show a substantial threat of irreparable injury or a substantial likelihood that he will prevail on the merits, and therefore, cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**.

SO REPORTED and RECOMMENDED this 20th day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE